UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| IN RE:<br><br>PATRICIA ANN STOKES<br><br>DEBTOR, | CASE NO. 26-30438-MVL7<br><br><br>CHAPTER 7 |
| PATRICIA ANN STOKES,<br><br>PLAINTIFF,<br><br>VS.<br><br>NAVIENT EDUCATION LOAN CORP. AND<br><br>MOHELA<br><br>DEFENDANTS | ADVERSARY NO. 26- |

PLAINTIFF'S ORIGINAL COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY (11 U.S.C. §523(A)(8)) AND VIOLATION OF AUTOMATIC STAY (11 U.S.C. §362(K))

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Patrica Ann Stokes ("Plaintiff" or Ms. Stokes), by and through undersigned counsel, file this Original Complaint for Determination of Dischargeability, Violation of the Automatic Stay and Request for Sanctions, seeking to have her private loans from Navient Education Loan Corp. and serviced by MOHELA declared dischargeable as an undue hardship under 11 U.S.C. § 523(a)(8).

## I.    Nature of the Case

1. This is an action to declare that Plaintiff's private student loan debts were not excepted from discharge under 11 U.S.C. § 523(a)(8), and to seek relief

for collection activity undertaken by Defendants in violation of the automatic stay.

## II.   Jurisdiction and Venue

2.  On January 31, 2026, Plaintiff filed a voluntary petition for relief under Chapter 7, Case No. 26-30438-mvl7.

3.  This Complaint is an adversary proceeding as defined by Fed. R. Bankr. P. 7001(6).

4.  Pursuant to 28 U.S.C. §§ 1334 and 157, the Court has jurisdiction over this adversary action to determine the dischargeability of a debt under 11 U.S.C. § 523(a)(8), This is a core proceeding under 28 U.S.C. §157(b)(2)(I). The Plaintiff consents to the Bankruptcy Court's entry of a final order.

5.  Venue is proper in this district under 28 U.S.C. § 1409 (a).

## III.   Parties

6.  Plaintiff Patricia Ann Stokes is an individual residing at 2521 Garrett Court; Cedar Hill, Texas 75104.

7.  Defendants Navient CFC, Navient PC Trust, Navient Solutions, LLC (collectively « Navient ») and MOHELA are the owners, servicers, or agents responsible for the collection of the subject loans.

## IV.   Statement of Facts.

8.  The current outstanding balance of the private student loans owed to Navient is $232,862.00.  *See Exhibit A, Listing of Loans.*

9.  Plaintiff incurred student loans while in the PhD program at Argosy University in Dallas from 2003 - 2009.  No payments were due on these loans while Plaintiff was a full-time student.

10.  For her entire time at Argosy, the university continually promised Plaintiff and her fellow students that they would be accredited within a semester.

However, at no point did Argosy's doctoral program in Psychology become accredited.

11. Plaintiff graduated in 2009.  She did receive her PhD in Psychology; however, due to the lack of her university's accreditation, she was not able to obtain state licensure.  She could not work with her degree in her field as despite her many semesters at Argosy, and the high amount of tuition she paid and the loans she still has, she could not get licensed in her field.  This kept her from making the income she would have should Argosy actually been accredited.

12. Plaintiff's federal loans were discharged due to the University's misleading tactics, including but not limited to the lack of accreditation.  However, her private loans continue to burden her now that she is seventy-one years old and retired.

13. Ms. Stokes made payments on her loans, in amounts from $1500 to around $800 a month, from when they first became due in 2009 through 2023.  She remained in contact with Navient through its servicers and when her payments were too high at $1500, she requested and received a lower payment per month of around $1100 and then $883.

14. Currently, according to information MOHELA has provided for her January 2026 credit report, Ms. Stokes combined student loan payment would be $2,071.00.

15. In 2024, Ms. Stokes applied to Navient, who was her servicer for these loans at that time, for a discharge due to the school's bad actions and misleading promises and assurances.  However, her application for discharge and subsequent appeal were denied.

16. During the time of her application for discharge, Ms. Stokes did not make payments, but she was denied a forbearance for that time period.  Her

3 | P a g e      P l a i n t i f f ' s   O r i g i n a l   C o m p l a i n t   f o r   D e t e r m i n a t i o n   o f
D i s c h a r g e a b i l i t y   ( 1 1   U . S . C .   § 5 2 3 ( A ) ( 8 ) )   a n d   V i o l a t i o n   o f   A u t o m a t i c
S t a y   ( 1 1   U . S . C .   § 3 6 2 ( K ) )

loan amounts increased dramatically during this time period, almost completely erasing the progress she had made through her payments in previous years.

17. Plaintiff is currently retired, and her income consists of her monthly social security income of $2,603.00 and her pension income of $1,159.00 per month for a total income of $3,762.58.  Her annual income is $53,385.00, which is significantly below the median income of $66,837.00.

18. Plaintiff's combined expenses, as documented on her Bankruptcy schedule J, total $3,737.39.

19. Not counting payments to her private student loans, and with all her expenses being below the IRS allowances, Plaintiff has a monthly net income of $25.19.  This is far, far below what would be the standard monthly payment for these loans of $2,071.00.

20. Private student loans, such as these held by Navient Corp and serviced by MOHELA, do not have income-sensitive repayment options such as are available for the federal secured and unsecured student loans.

21. Additionally, in part due to her attempt to make her student loan payments, Plaintiff has a federal tax lien of $77,413.00.  She has hired assistance in negotiating her tax debt to be lower, but she likely will need to begin payments on this debt even after it is reduced.

22. Also, since the time that Plaintiff prepared her expenses, gasoline prices have skyrocketed, easily absorbing the $25.19 net income.  Plaintiff had listed her food expenses as $400 per month, another number which is drastically below the IRS allowable amount.

//

//

V.      **Claim for Relief – Undue Hardship under 11 U.S.C. § 523(a)(8)**

23. Section 523(a)(8) excepts certain student loans from discharge unless repayment would impose an undue hardship on the debtor and her dependents.

24. The controlling test is the three-prong Brunner test, *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395 (2d Cir. 1987).

25. Plaintiff satisfies all three prongs:

    A.  Minimal Standard of Living: Plaintiff cannot maintain a minimal standard of living for herself and her household if required to repay student loans in addition to current expenses.

    B.  Persistence of Circumstances: Plaintiff's financial circumstances are unlikely to materially improve for a significant portion of the repayment period.

    C.  Good Faith: Plaintiff has demonstrated good faith efforts to repay her loans, including making payments, continuing to have open communications for years with the loan servicers, and applying for forbearances when she could not make the payments.

26. Repayment of Plaintiff's student loans would impose an undue hardship within the meaning of § 523(a)(8).

27. While the loans from the Department of Education have a specific attestation method of proving the Brunner test, private student loans such as these for which Plaintiff seeks a discharge may also be discharged when Plaintiff shows that repayment will prove to be an actual hardship.

VI.     **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment:

A.  Determining that Plaintiff's student loan obligations owed to Defendant are dischargeable under 11 U.S.C. § 523(a)(8);

**B.** Declaring such student loans discharged pursuant to 11 U.S.C. § 1328(a); and

**C.** Awarding such other relief as the Court deems just and proper.

Respectfully submitted,

Amy Beth Clark, TX Bar No. 24043761
amy@cimentlawfirm.com
Ciment Law Firm, PLLC
221 Bella Katy, Dr.
Katy, Texas 77494
Ph: 833-663-3289
eService: cpfiling@cimentlawfirm.com
Attorney for Plaintiff, Patricia Ann Stokes