Robert Yaquinto, Jr. (State Bar No. 22115750)
Nick Gurguis (State Bar No. 24106036)
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208-5498
Phone: 214/942-5502   Fax: 214/946-7601
ATTORNEYS FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| PATRICIA ANN STOKES, | § | Case No. 26-30438-MVL7 |
| | § | |
| DEBTOR. | § | |

## TRUSTEE'S APPLICATION TO EMPLOY REALTOR

**ANY PARTY WISHING TO RESPOND TO THIS APPLICATION MUST FILE A RESPONSE WITH THE U.S. BANKRUPTCY CLERK, ROOM 1254, 1100 COMMERCE STREET, DALLAS, TX 75242, AND SERVE A COPY ON THE TRUSTEE AT 509 N. MONTCLAIR AVENUE, DALLAS, TX 75208, WITHIN 21 DAYS OF THE SERVICE OF THIS APPLICATION. IF A RESPONSE IS FILED AND SERVED TIMELY, A HEARING ON THE RESPONSE WILL BE SCHEDULED WITH A NOTICE TO THE RESPONDING PARTY ONLY.**

**IF NO RESPONSE IS FILED AND TIMELY SERVED ON THE TRUSTEE, THE COURT MAY DEEM THIS APPLICATION UNOPPOSED AND MAY ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT FURTHER NOTICE TO ANY PARTY.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Robert Yaquinto, Jr., the chapter 7 trustee in the above captioned bankruptcy case (the "Applicant"), files this *Trustee's Application to Employ Realtor* and, in support thereof, respectfully shows the Court the following:

1.    Applicant is the duly qualified and acting Chapter 7 trustee in this case.

2.      This estate has an ownership interest in residential property consisting of a lot located at 3007 Shelby Road, Hermanville, Claiborne County, Mississippi 39086.

3.      Applicant has identified a realtor experienced in the sale of commercial real estate in Claiborne County, Mississippi and seeks authorization to employ Tronnie Lacy and the real estate firm of Maselle & Associates, Realtors (the "Firm") to list the property for sale pursuant to the terms of the Exclusive Right to Sell Agreement, attached hereto as Exhibit A. The agreement allows for the Firm to receive compensation of six percent (6%) of the sale price, in addition to expenses incurred or advanced in connection with the listing.

4.      Ms. Lacy and the Firm has not served as examiner to the estate and, to the best of Applicant's knowledge, is a disinterested person having no connection with the Debtor, the creditors, or any other party in interest.

5.      Applicant believes it is in the best interest of the estate and of the creditors to sell the property described in this application.

**WHEREFORE,** Applicant prays that he be authorized to employ Tronnie Lacy and the Firm as realtor/broker to list and sell the real property located in Hermanville, Claiborne County, Mississippi; and for such other and further relief to which the estate may be justly entitled.

Respectfully submitted,

/s/ Robert Yaquinto, Jr.
Robert Yaquinto, Jr. (State Bar No. 22115750)
Nick Gurguis (State Bar No. 24106036)
SHERMAN & YAQUINTO, L.L.P.
509 North Montclair Avenue
Dallas, Texas   75208-5498
Phone: 214/942-5502 Fax: 214/946-7601
Email: rob@syllp.com; nick@syllp.com
ATTORNEYS FOR TRUSTEE

TRUSTEE'S APPLICATION TO EMPLOY REALTOR - Page 2 of 5

## <u>CERTIFICATE OF SERVICE</u>

A copy of ***TRUSTEE'S APPLICATION TO EMPLOY REALTOR*** forwarded by electronic transmission to the U.S. Trustee, 1100 Commerce Street, Room 976, Dallas, TX 75242, and by electronic transmission or regular U.S. Mail, postage prepaid to Debtor's attorney, Daniel J. Ciment, Ciment Law Firm, PLLC, 221 Bella Katy Drive, Katy, Texas 77494; and to all parties receiving filing by ECF, on this 18th day of June, 2026.

*/s/ Robert Yaquinto, Jr.*
Robert Yaquinto, Jr.

<u>**TRUSTEE'S APPLICATION TO EMPLOY REALTOR - Page 3 of 5**</u>

Robert Yaquinto, Jr. (State Bar No. 22115750)
Nick Gurguis (State Bar. No. 24106036)
SHERMAN & YAQUINTO, L.L.P.
509 N. Montclair Avenue
Dallas, TX 75208-5498
Phone: 214/942-5502 Fax: 214/946-7601
ATTORNEYS FOR TRUSTEE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 7 |
| | § | |
| PATRICIA ANN STOKES, | § | Case No. 26-30438-MVL7 |
| | § | |
| DEBTOR. | § | |

## AFFIDAVIT OF PROPOSED REALTOR

| | |
|---|---|
| THE STATE OF MISSISSIPPI | § |
| | § |
| COUNTY OF _____ | § |

I, **Tronnie Lacy**, hereby make this solemn oath:

1.     I am a realtor and broker, duly licensed to sell real property in the State of Mississippi.

2.     I do business as a realtor/broker with Maselle & Associates, Realtors (the "Firm"), 224 Key Drive, Madison, Mississippi 39110. I have extensive experience handling REO properties and am familiar with BPOs, valuation, and the timelines and reporting requirements involved in distressed and court-related transactions.

3.     The Firm has no connection with the above-named Debtor, the creditors, or any other party-in-interest herein or their respective attorneys.  The Firm is now and throughout these proceedings, has been a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

TRUSTEE'S APPLICATION TO EMPLOY REALTOR - Page 4 of 5

4.      Tronnie Lacy and the Firm desire to be employed as realtor/broker as described in

Trustee's Application, with compensation to be allowed pursuant to the Exclusive Right to Sell

Listing Agreement attached to the Application, as approved and directed by this Court.

_____
Tronnie Lacy

SUBSCRIBED AND SWORN TO BEFORE ME this _18th_ day of _June_,
2026.

NOTARY PUBLIC in and for
the State of Mississippi

_____
Printed Name of Notary Public
Commission Expires: _March 5, 2027_

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 126993
JESSICA Y. ROBINSON
My Commission Expires
March 5, 2027

## Exclusive Right to Sell Agreement

This Exclusive Right-To-Sell Listing Agreement (this "Agreement") is entered into as of the Effective Date, by and between Broker and Owner (both as defined below). In consideration of the mutual agreement contained herein, the undersigned parties hereto agree as follows:

1.**Basic Provisions/Definitions.** In addition to other terms defined in this Agreement, the following terms whenever used in this Agreement shall have the meanings set forth in this Section 1., unless such meanings are expressly modified, limited, or expanded herein:

(a) Owner: Robert Yaquinto, Jr., Chapter 7 Trustee of the bankruptcy estate of Patricia Ann Stokes

(b) Notice address of Owner:

509 N. Montclair Avenue
Dallas, Texas 75208
Attention: Robert Yaquinto, Jr., Chapter 7 Trustee
Phone: (214) 942-5502
E-mail: rob@syllp.com

(c) Broker: Maselle & Associates, Inc.

(d) Notice address of Broker:

224 Key Drive
Madison, MS 39110
Attention: Tammy Nutt
Phone: (601) 981-1111
E-mail: tronnie@realtormail.com; tammyn@aol.com; doug@maselle.com

(e) Real Estate/Property: The real property located at 3007 Shelby Road, Hermanville, Copiah County, Mississippi 39086.

(f) Effective Date: The date on the following conditions have occurred (1) the Bankruptcy Court enters an order approving the execution of this Agreement and the employment of the Broker on the terms set forth herein and (2) the parties have executed this Agreement.

(g) Exclusive Listing Period: 180 days after the Effective Date, unless extended or terminated as provided herein.

(h) Schedule of Commissions: See RIDER 1 Commission Schedule

(i) Agency Disclosures: See RIDER 2 Agency Disclosures

2. **Appointment/Acceptance of Agency.** Owner hereby appoints Broker as its exclusive agent and grants Broker the sole and exclusive right to list and sell the Property during the Exclusive Listing Period (as defined above and extended below. Broker accepts such agency and agrees to use commercially reasonable efforts in finding a buyer and negotiating the most favorable terms for Owner. Broker acknowledges that it has no authority to execute a purchase agreement or other offer for or on behalf of Owner or otherwise to bind Owner to any term, purchase agreement, or other agreement. Broker shall

not make any representation or warranty to any party regarding the physical (including environmental) condition of the Property. In connection with the performance of Broker's obligations hereunder, Owner hereby consents to Broker, at Broker's option, (i) appointing a licensed real estate broker or salesperson employed by Broker to represent Owner's interests, (ii) extending an offer of subagency to another real estate broker licensed in the state in which the Property is located or any other state and offering compensation to such subagent, and / or (iii) offering compensation to a cooperating broker that represents a buyer. Owner hereby acknowledges that it understands it has the right to object to the foregoing subsections (i) and (ii). Any additional commission payable pursuant to subsections (i), (ii), or (iii) shall be paid by Broker.

3. **Property.** The term "Property" shall include all of Owner's right, title, and interest in and to the Real Estate described above, together with all improvements and fixtures thereon, all rights, privileges, and easements appurtenant thereto.

4. **Extension of Exclusive Listing Period.**

   (a) **Contract Period Extension.** If a contract relating to a Transaction (as defined below) with respect to the Property (a "Contract") is signed by Owner during the Exclusive Listing Period and the closing on the Transaction which is the subject of the Contract has not occurred as of the expiration of the Exclusive Listing Period, the Exclusive Listing Period with respect to that Contract only shall continue until final disposition of such Contract.

   (b) **Protection Period.** In the event that, within one hundred twenty (120) days after the expiration of the Exclusive Listing Period, the Property is sold to a buyer or tenant procured by Broker or with whom Broker negotiated or had significant contact or to whom Broker showed the Property during the Exclusive Listing Period, Broker shall be entitled to a Commission with respect to such sale in accordance with the Commission Schedule attached hereto as Rider.

5. **Property Transactions/Commissions.**

   (a) **Transactions.** In consideration of Broker's efforts and services to procure a buyer for the Property, Owner shall pay Broker a Commission as defined in and in accordance with the Commission Schedule attached hereto as Rider 1 in the event of the occurrence of the sale of the Property to a buyer ("Transaction") during the Exclusive Listing Period (as extended or expanded as provided above) regardless of whether the buyer or tenant is procured by Broker, Owner or any third-party. Notwithstanding anything to the contrary contained herein, Owner should not be liable to Broker in the event of a default by buyer or in the event the contract/sale is not consummated.

   (b) **Timing of Payment of Commissions.** Any Commission payable to Broker pursuant to Subsection 5.(a) above, shall be paid in the appropriate amounts set forth in Rider 1 in full at the closing of a sale of the Property (or interest therein).

6. **Terms of Sale.**

   (a) **Listing Price.** Owner authorizes Broker to list the Property for sale at a selling price of an amount selected by the Owner after consultation with the Broker. All terms

and conditions of any proposed sale contract shall be subject to Owner's approval exercising its reasonable discretion. The sale of the Property pursuant to the contract shall be "as is, where is" with no representations or warranties made by Owner, express or implied, whatsoever, except the special or limited warranty of title to be contained in the sale contract or deed. By proceeding with closing, buyer shall be deemed to have acknowledged full satisfaction of any inspections and forever release and discharge Seller, his successors, and assigns from any and all liability.

(b) **Earnest Money.** Any earnest money tendered with an accepted sale contract shall be deposited immediately with Broker, or a title insurance company mutually acceptable to Owner and prospective buyer, to be held in a non-interest bearing trust account and disbursed as provided herein. If the earnest money is deposited with Broker, Broker shall maintain the earnest money in its trust account in accordance with the terms of the sale contract, until the first of the following occurs, and Broker shall disburse the earnest money accordingly:

(i) The Transaction closes and Broker disburses the earnest money to the closing agent or as otherwise provided by the sale contract;

(ii) Broker is provided with a writing signed by both parties instructing Broker to disburse the earnest money and to whom it should be disbursed;

(iii) Broker receives a copy of a final court order that specifies to whom the earnest money is to be awarded; or

(iv) Broker is required by applicable law to disburse the earnest money.

If the earnest money is to be deposited with Broker, Owner agrees that the accepted sale contract shall provide for disbursement of the earnest money by Broker as stated in this Section 6.(b).

(c) **Conveyance.** At the closing of a sale ("Closing"), Owner shall convey its right, title, and interest in and to the Property by special limited warranty deed subject to covenants, easements, restrictions, agreements and other matters of record; drainage and utility easements; public rights-of-way; encroachments and other matters of which notice could be obtained by an accurate survey and inspection of the property; rights of tenants in possession; non-delinquent real estate taxes and installments of assessments; and any and all other exceptions as may be specified in the sale contract.

7. **Specific Covenants.**

(a) **Owner's Covenants.** Owner hereby covenants and agrees to:

(i) Cooperate with Broker, its agents, and cooperating brokers in effecting a sale with respect to the Property;

(ii) Allow Broker, and its representatives and agents and prospective buyers, access to the Property at all reasonable times and permit Broker and cooperating brokers to conduct key-entry showings of the Property;

(b) **Broker Covenants.** Broker covenants and agrees to cooperate with all other real estate brokers licensed by the State of Mississippi in procuring or attempting to procure a buyer for the Property.

8. **Representations and Warranties.**

(a) **Owner's Representations and Warranties.** Based solely on the information disclosed in the filings made in the Bankruptcy Case, the Owner represents and warrants to Broker that:

(i)    *Title/Cooperation.* Owner is the sole fee simple owner of the Property and agrees to cooperate in assisting Broker in performing its duties hereunder.

(ii)    *Authority.* Owner has authority to execute this Agreement, convey the Property to a buyer as provided herein, and carry out Owner's obligations hereunder and under any sale contract. The person who has executed this Agreement on behalf of Owner is authorized to do so. No consent of any other person is required in connection with any Transaction. This Agreement has been duly and validly authorized, executed, and delivered by Owner and shall be the legal, valid, and binding obligation of Owner, enforceable against Owner in accordance with its terms. The execution, delivery, and performance of this Agreement by Owner do not conflict with, or result in a breach, violation of, or default under: (a) Owner's governing documents, (b) any applicable law or regulation, (c) any judgment, order, or decree binding upon Owner or the Property, or (d) any applicable lease or other contractual obligation to which Owner or the Property is bound.

(iii)    *Title.* Based solely upon the disclosures made in the Bankruptcy Case, Owner has no knowledge of any liens other than non-delinquent real estate taxes, mortgages, and other liens or encumbrances shown in a current title policy.

(iv)    *Suits/Assessments.* Other than Bankruptcy Case No. 26-30438-MVL7 (the "Bankruptcy Case") pending before the Bankruptcy Court, Owner has no actual knowledge of any actions, suits, governmental notices, or proceedings pending or threatened against Owner or the Property or threatened condemnation actions, foreclosure actions, or special assessments of any nature with respect to the Property.

(v)    *Defects.* To the Owner's knowledge, based solely upon the disclosures made in the Bankruptcy Case, there are no significant or material latent defects with respect to the Property. Owner acknowledges that Broker may rely on the truth of Owner's disclosures and may provide any such information to prospective buyers.

(vi)    *Information.* All information (written or oral) Owner supplies to Broker relating to the Property is and shall be true and correct in all material respects and may be relied upon by Broker in connection with Broker's activities under this Agreement.

(b) **Broker's Representations and Warranties.** Broker represents and warrants to Owner that Broker holds a valid real estate broker's license issued by the State of Mississippi.

Exclusive Right to Sell Agreement                                                                Page 4

**9.Signs/Advertising.** In marketing the Property and performing its obligations hereunder, Broker is authorized to (i) list the Property with any multiple listing services that Broker deems acceptable, (ii) place its "For Sale" sign on the Property during the Exclusive Listing Period in a mutually agreeable location, (iii) advertise the Property in broadcast, print, digital media, or such other media outlets as Broker deems acceptable, and (iv) disseminate information to other brokers and third parties regarding the Property. To the extent the Broker incurs any costs or other expense in connection with such advertising or marketing activities, the Broker shall be reimbursed for all reasonable, documented out-of-pocket expenses, including, without limitation, hiring any photography services. Broker shall seek the approval of the Owner prior to incurring such costs or expenses.

**10.Bankruptcy Court Approval.** This effectiveness of this Agreement and each party's rights and obligations hereunder are conditioned in all respects on the approval of this Agreement by the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Court"). If any part of this Agreement is not approved by the Bankruptcy Court for any reason, this Agreement will be null and void and of no further force and effect. Any sale of the Property shall be subject to higher and better offers until the Bankruptcy Court enters an order approving the sale.

**11. Agency Disclosure.** See attached Rider 2 for Broker's Policies on Agency Relationships. By signing this Agreement below, Owner is acknowledging that it read and understood the disclosures attached hereto as Rider 2. Broker often represents buyers of real estate. If Broker, or any salesperson acting under Broker, is acting as the agent of a buyer who becomes interested in the Property, Broker will become a limited agent with duties to both the potential buyer and Owner and those duties or interests may be different or even adverse. The law in the state in which the Property is located permits Broker to act as a limited agent if Broker obtains Owner's consent and provides Owner with specific disclosures. By signing this Agreement below, Owner is acknowledging that it read and understood the disclosures attached hereto as Rider 2 and Owner expressly consents to such limited agent and / or dual agency relationship.

**12.Miscellaneous.**

(a) All notices provided for herein shall be sent by certified or registered mail, return receipt requested, personally delivered, or electronically mailed or telecopied with delivery confirmation received, to the address of the party as specified above, unless notice of change of address is given to the other party pursuant to the provisions of this Section.

(b) The parties acknowledge and agree that Broker is an independent contractor and nothing in this Agreement, express or implied, shall be construed as creating a partnership, joint venture, or employer-employee relationship between Broker (or any person employed by Broker) and Owner, or any other relationship between the parties hereto except that of property owner and independent contractor.

(c) Each party to this Agreement, by signing below, acknowledges and agrees that such party has read and understands the terms and conditions contained in this Agreement, and such undersigned party has received a copy of this Agreement.

Exclusive Right to Sell Agreement                                                                    Page 5

(d) This Agreement constitutes the entire agreement between the parties hereto and no oral or implied agreement, representation, or understanding shall cancel or vary the terms of this Agreement.

(e) Broker shall have no right to assign or transfer this Agreement or any of its rights or duties hereunder except with the prior written consent of Owner (any such assignment without the prior written consent of Owner shall be null and void). Subject to the foregoing and the provisions regarding termination, this Agreement is binding upon the parties hereto, their heirs, administrators, executors, successors, and assigns.

(f) This Agreement may be amended or modified by a written agreement executed by both parties.

(g) This Agreement shall be governed by and construed in accordance with the laws of the state in which the Property is located. The parties hereby agree, understand, and acknowledge that any and all suits or claims arising out of a dispute as to the meaning of or performance under this Agreement shall be filed and maintained only in the Bankruptcy Court, and that such court will have exclusive jurisdiction over any claims arising out of or concerning any term, part or provision of this Agreement.

(h) The parties agree that time is of the essence in performing their obligations hereunder.

(i) If any provision of this Agreement shall be invalid or unenforceable under the governing law, then such provision(s) shall, to the extent possible, be construed or applied in such a manner as will permit enforcement; otherwise, this Agreement shall be construed as if such provision(s) had never been made a part hereof.

(j) This Agreement may be executed simultaneously or in two or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and pdf. electronic email signatures shall have the same force and effect as original signatures and shall be binding upon the parties.

**[SIGNATURE PAGE FOLLOWS]**

The parties have executed this Agreement through their authorized representatives as of the respective dates set forth below.

OWNER: Robert Yaquinto, Jr., Chapter 7 Trustee of Patricia Ann Stokes

Date: 6/18/2026

BROKER: Maselle & Associates, Inc.

By: _____Tammy Nutt_____

Print Name: Tammy Nutt

Title: Authorized Signatory

Date: 06/11/2026

## RIDER 1 TO EXCLUSIVE RIGHT TO SELL AGREEMENT

**Commission Schedule**

The following provisions are hereby attached and made a part of the Exclusive Right To Sell Agreement dated as of May _____, 2026, between Maselle & Associates, Inc., as Broker, and Robert Yaquinto, Jr., Chapter 7 trustee of Patricia Ann Stokes, as Owner (together with any Riders attached thereto, the "Agreement").

If all or any part of the Property or Owner's interest therein is conveyed in any manner, including, without limitation, any Transaction (as defined in Section 5. of the Agreement), Owner shall pay Broker a commission ("Commission") in accordance with the following:

**1.Sales Commissions.** Commissions due to Broker shall be calculated and paid as follows:

(a) With respect to a sale of the Property without a cooperating agent, Owner agrees to pay Broker a sales commission of 6% percent of the gross sales price of the Property

(b) With respect to a sale of the Property with a cooperating agent representing the buyer, Owner agrees to pay Broker a sales commission of 6% percent of the gross sales price of the Property, which Broker may thereafter pay to such cooperating agent. For purposes of this provision, the salesperson/broker representing the buyer may be a cooperating agent regardless of whether such salesperson/broker is in the same company as Broker.

The parties have executed this Rider 1, which is incorporated into and a part of the Agreement, through their authorized representatives as of the respective dates set forth below.

OWNER: Robert Yaquinto, Jr., Chapter 7 Trustee of Patricia Ann Stokes

Date: _6/08/2026_

BROKER: Maselle & Associates, Inc.

By: _Tammy Nutt_
Print Name: _Tammy Nutt_
Title: _Broker/Owner_
Date: _06/11/2026_

## RIDER    2    TO    EXCLUSIVE    RIGHT    TO    SELL    AGREEMENT

See attached.



MREC Agency Disclosure Form A

# WORKING WITH A REAL ESTATE BROKER

**THIS IS NOT A LEGALLY BINDING CONTRACT**

Approved 05/14/2024 by
MS Real Estate Commission
P. O. Box 12685
Jackson, MS 39236

## GENERAL

Before you begin working with any real estate agent, you should know whom the agent represents in the transaction. Mississippi real estate licensees are required to disclose which party they represent in a transaction and to allow a party the right to choose or refuse among the various agency relationships. Several types of relationships are possible, and you should understand these at the time a broker or salesperson provides specific assistance to you in a real estate transaction. The purpose of this Agency Disclosure form is to document an acknowledgement that the consumer has been informed of various agency relationships which are available in a real estate transaction. For the purposes of this disclosure, the term Seller and/or Buyer will also include those other acts specified in Section 73-35-3(1), of the Miss. Code, "...list, sell, purchase, exchange, rent, lease, manage, or auction any real estate, or the improvements thereon including options."

## SELLER'S AGENT

A property Seller can execute a "listing agreement" with a real estate firm authorizing the firm and its agent(s) to represent the Seller in securing a Buyer. A licensee who is engaged by and acts as the agent of the Seller only, is a Seller's Agent. A Seller's agent has the following duties and obligations:
➤ **To the Seller:** The fiduciary duties of loyalty, confidentiality, obedience, disclosure, full accounting, and the duty to use skill, care, and diligence.
➤ **To the Buyer and Seller:** A duty of honesty and fair dealing.

## BUYER'S AGENT

A Buyer may contract with an agent or firm to represent him/her. A licensee who is engaged in a Buyer Agency Agreement as the agent of the Buyer only is known as the Buyer's Agent in purchasing a property. A Buyer's Agent has the following duties and obligations:
➤ **To the Buyer:** The fiduciary duties of loyalty, confidentiality, obedience, disclosure, full accounting, and the duty to use skill, care, and diligence.
➤ **To the Seller and Buyer:** A duty of honesty and fair dealing.

## DISCLOSED DUAL AGENT

A real estate licensee or firm may represent more than one party in the same transaction. A Disclosed Dual Agent is a licensee who, with the informed written consent of the Seller and Buyer, is engaged as an agent for both the Seller and Buyer. As a Disclosed Dual Agent, the licensee shall not represent the interests of one party to the exclusion or detriment of the interests of the other party. A Disclosed Dual Agent has all the fiduciary duties to the Seller and Buyer that a Seller's agent or a Buyer's agent has except the duties of full disclosure and undivided loyalty.
➤ **A Disclosed Dual Agent may not disclose:**
  a) To the Buyer that the Seller will accept less than the asking or listed price, unless otherwise instructed in writing by the Seller.
  b) To the Seller that the Buyer will pay a price greater than the price submitted in a written offer to the Seller, unless otherwise instructed in writing by the Buyer.
  c) The motivation of any party for selling, buying, or leasing a property, unless otherwise instructed in writing by the respective party, or
  d) That a Seller or Buyer will agree to financing terms other than those offered, unless otherwise instructed in writing by the respective party.

## IMPORTANT NOTICE: UNREPRESENTED "CUSTOMER"

"Customer" shall mean a person not represented in a real estate transaction. It may be the Buyer, Seller, Landlord or Tenant. A Buyer may decide to work with a firm that is acting as the agent for a Seller (a Seller's Agent or Subagent). If a Buyer does not enter into a Buyer Agency Agreement with the firm that shows him properties, that firm and its agents may show the Buyer properties as a Seller's Agent or as a Subagent working on the Seller's behalf. Such a firm represents the Seller (not the Buyer) and must disclose that fact to the Buyer. Regarding the price and terms of an offer, the Seller's Agent will ask you (the Customer) to decide how much to offer for the property and upon what conditions. They can explain your options to you, but the final decision is yours, as they cannot give you legal or financial advice. They will attempt to show you property in the price range and category you desire so that you will have information on which to base your decision. The Seller's Agent will present to the Seller any written offer that you ask them to present. You should not disclose any information that you do not want the Seller to know (i.e. the price you are willing to pay, other terms you are willing to accept, and your motivation for buying) because the Seller's Agent would be required to tell all such information to the Seller. As a Customer dealing with a Seller's Agent, you might desire to obtain the representation of an attorney, another real estate licensee, or both.

---

### THIS IS NOT A CONTRACT, THIS IS AN ACKNOWLEDGEMENT OF DISCLOSURE

The below named Broker or Salesperson has informed me that real estate brokerage services may be provided to me as a:

☒ Client  (The Licensee is my Agent. I am the Seller or Landlord.)
☐ Client  (The Licensee is my Agent. I am the potential Buyer or Tenant.)
☐ Customer  (The Licensee is not my Agent.)
☒ Client  (All Licensees of the Brokerage Firm may become Disclosed Dual Agents.)     **Use "Customer signature" space, below**

By signing below, I acknowledge that I received this informational document and explanation prior to the exchange of confidential information which might affect the bargaining position in a real estate transaction involving me.

| X _____ | _____ | _____ |
|---|---|---|
| (Client signature)          6/18/26   (Date) | (Licensee signature) 6/16/26   (Date) | (Customer signature)          (Date) |
| | Maselle & Associates, REALTORS | |
| (Client signature)          (Date) | (Licensee Brokerage) | (Customer signature)          (Date) |

**LICENSEES: Provide a copy of this disclosure acknowledgement form to all signatories and retain signed original for your files.**          MREC Rev. 05/14/2024